UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
                               )
     v.                        )    Criminal Action
                               )    No. 16-10017-PBS
                               )
SHERWIN SANTOS,                )
                               )
            Defendant.         )
                               )
_____)
```

**MEMORANDUM AND ORDER**

June 27, 2017

**INTRODUCTION**

Pro se petitioner Sherwin Santos has moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He alleges ineffective assistance of counsel in violation of the Sixth Amendment. Docket No. 30. The motion is **DENIED**.

**FACTUAL BACKGROUND**

Santos pleaded guilty, without a plea agreement, to one count of Illegal Reentry in violation of 18 U.S.C. § 1326. According to the Presentence Report ("PSR") prepared by the United States Probation Office, Santos' base offense level was 8. Santos received a 12-level increase as he was previously deported after a conviction for a felony drug trafficking

1

offense for which the sentence imposed was 13 months or less and which receives criminal history points. See U.S.S.G. § 2L1.2(b)(1)(A)(i). Santos received a three-level reduction for acceptance of responsibility, bringing his total offense level ("TOL") to 17 with a criminal history category of II, resulting in an advisory guideline range of 27-33 months.

Santos initially objected to the PSR and the 12-level enhancement, arguing the total enhancement under U.S.S.G. § 4A1.2(d)(2)(B) should be 8, not 12, which would result in a TOL of 13 and an advisory guideline range of 15-21 months. While probation responded to these objections in the final PSR, the advisory guideline range remained the same in the final PSR and the government and Santos ultimately agreed with the calculations contained in the PSR, including the 12-level increase. See Docket Nos. 24, 22.

A sentencing hearing was held on June 15, 2016. Both Santos and the government submitted sentencing memoranda. Santos was represented by Charlie McGinty of the Federal Public Defender's Office. McGinty did not contest the guideline sentencing range as calculated in the PSR and the Court adopted those calculations. The government recommended a sentence of 27 months, the low end of the advisory guideline range as calculated in the PSR. McGinty requested a variance by recommending a sentence of 6 months, significantly below the low

end of the guideline range. McGinty argued that Santos had been in unbroken federal custody for eleven months, six of which was for an unrelated state sentence and unavailable as credit for the instance offense. As of the date of sentencing, Santos had spent five months in custody for the illegal reentry case. Docket No. 24, PSR.

The Court adopted the PSR guidelines calculations but granted a variance and sentenced Defendant to 18 months' imprisonment. In granting the variance, the Court reasoned that the 12-level increase in offense level overstated the seriousness of Santos' first drug conviction where he received a suspended sentence and which occurred when he was seventeen years old. See Docket No. 28, Statement of Reasons, section VI (C).

Santos did not file a notice of appeal in this case. On November 18, 2016, Santos filed this pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Docket No. 29.

## DISCUSSION

Petitioner claims his attorney's failure to argue for a non-guidelines sentence under the application of the "Fast Track" program implicates the Sixth Amendment right to effective assistance of counsel. To succeed on an ineffective assistance of counsel claim, the petitioner must establish that (1) counsel's representation fell below "an objective standard

3

of reasonableness," and (2) a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Review of counsel's performance is "highly deferential" and subject to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A "defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010).

Santos argues that his counsel, McGinty, was ineffective in failing to request and secure a plea under the "Fast Track" program. In Santos' sentencing memorandum, Docket No. 22, it is clear that McGinty contemplated the "Fast Track" program: "Second, defendant does not have the benefit of the Fast Track here, as the government awards it only if a person executes a plea agreement to a fixed sentence. This, of course, eliminates consideration of 18 U.S.C. § 3553 factors, and thereby discourages access to the discount." Docket No. 22 at 3. Instead of entering into a Fast Track agreement, McGinty argued for a

4

below guidelines sentence of six months. McGinty was successful in securing a below guidelines sentence of 18 months.

"Under Strickland, a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Porter v. McCollum, 130 S. Ct. 447, 453 (2009) (citing Strickland, 466 U.S. at 694). In order to establish prejudice, petitioner "must show that but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence." Id. at 453.

If Santos had entered into a Fast Track agreement, he would have been granted a two-level reduction in accordance with U.S.S.G. § 5K3.1. With this two-level reduction, his total offense level would have been 15 and his criminal history category would have remained at II, resulting in an advisory guideline range of 21-27 months. The low end of this range, 21 months, is higher than the sentence Santos received in this case, 18 months.

The Fast Track agreement requires the defendant waive the right to argue for a variance under 18 U.S.C. § 3553(a). Thus, if Santos had entered into the Fast Track agreement with a two level departure, he would not have been able to argue for a sentence below 21 months. Here, Santos' attorney argued for a

5

sentence of six months – well below the 21 months he would have been permitted to argue for under the Fast Track Program. More relevant here, Santos was sentenced to a period of 18 months incarceration, which also falls below the 21 month fixed sentence he would have been bound by under the Fast Track agreement. Since Santos received a sentence below the sentence he would have received under the Fast Track program he is unable to show he was prejudiced by his attorney's representation. As such he fails prong two of the Strickland analysis and his claim for ineffective assistance of counsel fails. See Tevlin, 621 F.3d at 66 (A "defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong.").

**ORDER**

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

/s/ PATTI B. SARIS_____
Patti B. Saris
Chief United States District Judge